UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **WILLIAM JOSEPH VICKERS and GLADYS VICKERS** | * | **CIVIL ACTION NO.  12-2532** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **HYUNDAI MOTOR AMERICA CORPORATION, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

On March 6, 2014, the court permitted attorneys, Gerald Adam Savoie, Justin Carey Dewett, and Brandon Trey Morris, to withdraw as counsel for plaintiffs William Joseph Vickers and Gladys Vickers.  (March 6, 2014, Order [doc. # 17]).[1]  In their motion, counsel represented that they had provided their former clients with a copy of the court's scheduling order. (M/Withdraw [doc. # 16]).

Pursuant to the court's scheduling order, the parties were required to file their pretrial order by noon on April 21, 2014.  (Oct. 25, 2013, Sched. Order [doc. # 15]).  For purposes of the pretrial order, the scheduling order provided that

> [n]ot later than thirty (30) days prior to the deadline for filing the pretrial order, counsel for plaintiff(s) shall serve upon counsel for all other parties the proposed contents of the pretrial order, including a list of exhibits . . . All trial counsel shall confer to prepare the proposed pretrial order by the stated deadline.

IT IS THE DUTY OF ALL COUNSEL TO NOTIFY THE COURT IN WRITING

---

[1] On March 18, 2014, the court also permitted Andrew C. Jacobs to withdraw as counsel for plaintiffs.  (March 18, 2014, Order [doc. # 19]).  In the same order, the court allotted plaintiffs 30 days to enroll new counsel, or to notify the court, in writing, that they intended to represent themselves in this matter.  *Id*.  On April 17, 2014, plaintiffs so notified the court. (Response [doc. # 24]).

       IF, AFTER REASONABLE EFFORT, ANY PARTY CANNOT OBTAIN COOPERATION OF OTHER COUNSEL.

*Id.*[1]

On April 17, 2014, defense counsel advised the undersigned, in writing, that, despite several telephone calls, plaintiffs had failed to forward their inserts for inclusion in the pretrial order. (April 17, 2014, Letter from Carl Giffin, Jr.).[2] Accordingly, on April 17, 2014, defendants filed a one-sided pretrial order, sans any input from plaintiffs. *See* Prop. Pretrial Order [doc. # 23]).

### Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiffs from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v.*

---

[1] Although the foregoing excerpt is taken from a section of the scheduling order that was designated as "closed," it is manifest that the parties needed to comply with this section in order to confect the pretrial order.

[2] See attached copy.

*CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiffs exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff[s] [themselves] and not [their] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

    The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiffs have ignored at least one court order. Furthermore, dismissal of the case may be the least sanction where, as here, there is no indication that plaintiffs are able, or willing to fund a lesser monetary sanction. Finally, plaintiffs' unrepentant flaunting of court orders[3] reflects their own contumaciouness or "stubborn resistance to authority"[4] which is personally attributable to them as litigants unrepresented by counsel.[5]

    For the foregoing reasons,

    IT IS RECOMMENDED that plaintiffs' complaint be DISMISSED with prejudice, in accordance with the provisions of Fed.R.Civ.P. 41(b).

---

    [3] This report and recommendation itself provides plaintiffs with further notice of their non-compliance.

    [4] *See Millan, supra*.

    [5] While the court is aware that plaintiffs are not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 22nd day of April 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE